UNITED STATES DISTRICT COURT WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED

JAMES J. VILT, JR. - CLERK

JUL 22 2026

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

Timothy S. Lauderdale

v.

CITY OF BRANDENBURG, KENTUCKY; OFFICER BRANDON SAWICKI, in his
individual and official capacities; CHIEF BRIAN HAAG, in his individual and official
capacities; Defendants.

Civil Action No.: 3:26CV-554-RGJ

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983**

Plaintiff Timothy S. Lauderdale, proceeding pro se, brings this action for violations of his
constitutional rights under the Fourth and Fourteenth Amendments to the United States
Constitution, pursuant to 42 U.S.C. § 1983, and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises
   under the Constitution and laws of the United States.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise
   to this claim occurred in Meade County, Kentucky, within the Western District of
   Kentucky.

## II. PARTIES

3. Plaintiff Timothy S. Lauderdale is a resident of Kentucky.
4. Defendant Officer Brandon Sawicki is, and at all relevant times was, a police officer
   employed by the City of Brandenburg. He is sued in his individual and official capacities.
5. Defendant City of Brandenburg is a municipal corporation organized under the laws of
   the Commonwealth of Kentucky and is responsible for the policies, practices,
   supervision, training, and conduct of its police officers, including Officer Sawicki.
6. Defendant Chief Brian Haag is the Chief of Police for the Brandenburg Police
   Department and at all relevant times acted under color of state law. He had supervisory
   authority over Officer Sawicki and was contacted during the stop. He failed to intervene
   despite having actual knowledge of the unlawful conduct. He also interfered with
   Plaintiff's ability to obtain witness testimony.

## III. FACTUAL ALLEGATIONS

7, On or about July 27, 2025, Plaintiff was lawfully present at or near the Brandenburg Post Office in Meade County, Kentucky.

8. Prior to initiating any stop, Officer Sawicki ran Plaintiff's license plate, which returned valid.
9. Officer Sawicki testified that the sole basis for initiating contact and the stop was the appearance of Plaintiff's vehicle and license plate, not any specific, articulable criminal conduct.
10. Plaintiff had committed no traffic violation, displayed no illegal equipment, and engaged in no conduct suggesting impersonation of a police officer or any other criminal activity.
11. Despite the absence of reasonable suspicion or probable cause, Officer Sawicki blocked Plaintiff's vehicle, detained him, questioned him, and issued a citation.
12. The seizure and detention were not supported by reasonable suspicion or probable cause and were unreasonable under the Fourth Amendment.
13. Criminal charges were initiated against Plaintiff based on this encounter, despite the lack of probable cause.
14. At a preliminary hearing, the court found no probable cause on at least one of the charges related to impersonation, reflecting the weakness of the underlying basis for the stop and prosecution.
15. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, humiliation, reputational harm, and financial loss, including costs associated with defending the criminal case.

## IV. CAUSES OF ACTION

### COUNT I – UNLAWFUL STOP (Fourth Amendment; 42 U.S.C. § 1983)

16. Plaintiff realleges and incorporates by reference paragraphs 1–15 as though fully set forth herein.
17. Officer Sawicki initiated a stop of Plaintiff without reasonable suspicion that Plaintiff was engaged in criminal activity.
18. The stop constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.
19. As a direct and proximate result, Plaintiff suffered damages as described above.

### COUNT II – UNLAWFUL DETENTION (Fourth Amendment; 42 U.S.C. § 1983)

20. Plaintiff realleges and incorporates by reference paragraphs 1–19.
21. After initiating the stop, Officer Sawicki continued to detain Plaintiff without lawful justification or reasonable suspicion.
22. The continued detention was unreasonable and violated Plaintiff's rights under the Fourth Amendment.
23. As a direct and proximate result, Plaintiff suffered damages.

**COUNT III – UNLAWFUL SEARCH (Fourth Amendment; 42 U.S.C. § 1983)**

24. Plaintiff realleges and incorporates by reference paragraphs 1–23.
25. During the unlawful stop and detention, Officer Sawicki conducted one or more searches or inspections of Plaintiff and/or his vehicle without probable cause, a warrant, or valid consent.
26. Any such search was unreasonable and violated Plaintiff's Fourth Amendment rights.
27. As a direct and proximate result, Plaintiff suffered damages.

**COUNT IV – MALICIOUS PROSECUTION (Fourth & Fourteenth Amendments; 42 U.S.C. § 1983)**

28. Plaintiff realleges and incorporates by reference paragraphs 1–27.
29. Defendants caused criminal charges to be initiated and continued against Plaintiff without probable cause.
30. The criminal proceeding was based on an unlawful stop and detention and lacked a reasonable factual or legal basis.
31. The prosecution was pursued with reckless disregard for Plaintiff's constitutional rights.
32. The criminal proceeding terminated in Plaintiff's favor, in whole or in part, when the court found no probable cause on at least one charge and/or when the charges were dismissed or otherwise resolved in Plaintiff's favor.
33. Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments.
34. As a direct and proximate result, Plaintiff suffered damages.

**COUNT V – MUNICIPAL LIABILITY (Monell Claim; 42 U.S.C. § 1983)**

35. Plaintiff realleges and incorporates by reference paragraphs 1–34.
36. The constitutional violations described above were caused by policies, customs, or practices of the City of Brandenburg, including but not limited to: a. **Failure to properly train** officers regarding reasonable suspicion, probable cause, and lawful stops; b. **Failure to supervise** officers who engage in appearance-based or pretextual stops without articulable suspicion; c. **Tolerance of or deliberate indifference to** unconstitutional stops, detentions, and prosecutions.
37. The City's policies, customs, or deliberate indifference were the moving force behind the violations of Plaintiff's constitutional rights.
38. As a direct and proximate result, Plaintiff suffered damages.

**COUNT VI – NEGLIGENT HIRING / RETENTION / SUPERVISION (State Law)**

39. Plaintiff realleges and incorporates by reference paragraphs 1–38.
40. The City of Brandenburg owed a duty to the public, including Plaintiff, to exercise reasonable care in hiring, retaining, and supervising its police officers.
41. The City breached that duty by hiring, retaining, and/or failing to adequately supervise Officer Sawicki despite the risk that he would engage in unconstitutional or unlawful conduct.

42. As a direct and proximate result of the City's negligence, Plaintiff suffered damages.

## COUNT VII – EMOTIONAL DISTRESS

43. Plaintiff realleges and incorporates by reference paragraphs 1–42.
44. Defendants' conduct, including the unlawful stop, detention, and prosecution, caused Plaintiff severe emotional distress, including anxiety, fear, humiliation, and ongoing stress.
45. Defendants knew or should have known that their conduct would cause such distress.
46. As a direct and proximate result, Plaintiff suffered emotional and mental damages.

## V. DAMAGES

47. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer: a. **Emotional distress and mental anguish**; b. **Loss of liberty and invasion of privacy**; c. **Reputational harm**; d. **Financial losses**, including costs associated with defending the criminal case; e. Other damages to be proven at trial.
48. Plaintiff seeks **compensatory damages** against all Defendants, **punitive damages** against Officer Sawicki in his individual capacity, and **attorney's fees and costs** pursuant to 42 U.S.C. § 1988 (if counsel is later retained).

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

a. Compensatory damages in an amount to be determined at trial; b. Emotional distress damages; c. Punitive damages against Officer Brandon Sawicki in his individual capacity; d. Attorney's fees and costs pursuant to 42 U.S.C. § 1988, if applicable; e. Pre- and post-judgment interest as allowed by law; and f. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Timothy S. Lauderdale
680 Cottonwood Dr.
Radcliff, KY 40160

808-439-7076
timothy.lauderdale@gmail.com

Date: _____